```
 1  KANTOR & KANTOR
    ELIZABETH K. GREEN Bar No. 199634
 2  19839 Nordhoff Street
    Northridge, CA 91324
 3  Telephone:  (818) 886-2525
    Facsimile: (818) 350-6272
 4
    Attorneys for Plaintiff
 5  LAURIE HOOD

 6  SEDGWICK, DETERT, MORAN & ARNOLD LLP
    BRUCE D. CELEBREZZE  Bar No. 102181
 7  MICHELLE Y. McISAAC  Bar No. 215294
    NICHOLAS J. BOOS Bar No. 233399
 8  One Market Plaza
    Steuart Tower, 8th Floor
 9  San Francisco, California 94105
    Telephone: (415) 781-7900
10  Facsimile: (415) 781-2635

11  Attorneys for Defendant
    HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY
12
```

13                    UNITED STATES DISTRICT COURT

14                 EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

15

| | |
|---|---|
| 16  LAURIE HOOD,                              | CASE NO.  2:07-CV-01634 FCD EFB |
| 17              Plaintiff,                    | **STIPULATION AND PROTECTIVE ORDER** |
| 18       v.                                   | |
| 19  HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | |
| 20              Defendants.                   | |

21

22       Plaintiff Laurie Hood ("Plaintiff") and defendant Hartford Life and Accident Insurance

23  Company ("Hartford") hereby STIPULATE and AGREE as follows:

24       1.    In the course of this action, Plaintiff propounded Special Interrogatories, Set One

25  and Request for Production of Documents, Set One, on Hartford.  Hartford has agreed to produce

26  information and documents in response to certain of Plaintiff's discovery requests, only pursuant

27  to a stipulated protective order, as the information and documents requested are confidential and

28  are protected as trade secrets and proprietary business information.

1   2.    Plaintiff agrees that Hartford may designate the information and documents
2   produced in response to Special Interrogatories Nos. 5-8, and Request for Production of
3   Documents Nos. 9, 10, 20 and 28, as "CONFIDENTIAL" under the terms of this Stipulation and
4   Stipulated Protective Order (hereinafter "Order"), as information which has not been made
5   public and which concerns or relates to Hartford's business practices, including underwriting,
6   claims handling and analysis regarding disputed coverage issues, the disclosure of which
7   information could have the effect of causing harm to the competitive position of Hartford and its
8   presently and/or formerly related entities.

9   3.    By designating a document, thing, material, testimony or other information
10  derived therefrom as "CONFIDENTIAL," under the terms of this stipulation, Hartford is
11  certifying to the Court that there is a good faith basis both in law and in fact for the designation.

12  3.    Documents and information produced in response to Plaintiff's Special
13  Interrogatories Nos. 5-8, and Request for Production of Documents Nos. 9, 10, 20 and 28, shall
14  be so designated by stamping copies of the document produced with the legend
15  "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multipage
16  document shall designate all pages of the document as confidential, unless otherwise indicated.

17  4.    Testimony taken at a deposition, conference, hearing or trial, concerning the
18  information produced in response to Special Interrogatories Nos. 5-8, and Request for
19  Production of Documents Nos. 9, 10, 20 and 28, may be designated as confidential by making a
20  statement to that effect on the record at the deposition or other proceeding.  Arrangements shall
21  be made with the court reporter taking and transcribing such proceeding to separately bind such
22  portions of the transcript containing information designated as "CONFIDENTIAL", and to label
23  such portions appropriately.

24  5.    Material designated as "CONFIDENTIAL" under this Stipulation, the
25  information contained therein, and any summaries, copies, abstracts, or other documents derived
26  in whole or in part from material designated as confidential (hereinafter "CONFIDENTIAL
27  MATERIAL") shall be used only for the purposes of the prosecution, defense, or settlement of
28  this action, and for no other purpose.

1     6.    CONFIDENTIAL MATERIAL produced pursuant to this Stipulation may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "Qualified Persons" designated below:

    a.    in-house counsel of a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    b.    experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    c.    court reporter(s) employed in this action;

    d.    a witness at any deposition or other proceeding in this action; and

    e.    any other person as to whom the parties in writing agree.

7.    Depositions shall be taken only in the presence of Qualified Persons.

8.    ~~If CONFIDENTIAL MATERIAL is to be included in any papers to be filed with the Court, the party proposing that such material be filed must first obtain a court order allowing such information to be filed under seal, or such information may not be so used.~~  If a party wishes information to be filed under seal, they must apply for an order to that effect pursuant to Local Rule 39-141.

9.    ~~In the event that any CONFIDENTIAL MATERIAL is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.~~

10.    This Stipulation shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any other particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court for a separate protective order as to any other particular document or information, including restrictions differing from those as specified herein.

11.    This Stipulation is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Stipulation nor the production of any information

1  or document under the terms of this Stipulation nor any proceedings pursuant to this Stipulation
2  shall be deemed to have the effect of an admission or waiver by either party or of altering the
3  confidentiality or nonconfidentiality of any such document or information or altering any
4  existing obligation of any party or the absence thereof.
5       12.   This Stipulation shall survive the final termination of this action, to the extent that
6  the information contained in CONFIDENTIAL MATERIAL is not or does not become known to
7  the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of
8  information disclosed hereunder.  Upon termination of this case, counsel for the parties shall
9  assemble and return to each other all documents, material and deposition transcripts designated
10 as confidential and all copies of same, or shall certify the destruction thereof.
11       IT IS SO STIPULATED.
12 DATED:                            KANTOR & KANTOR LLP

                                    Signature on original
                                By:_____
                                    ELIZABETH GREEN
                                    Attorneys for Plaintiff
                                    LAURIE HOOD

17 DATED:                            SEDGWICK, DETERT, MORAN & ARNOLD LLP

                                    Signature on original
                                By:_____
                                    BRUCE D. CELEBREZZE
                                    MICHELLE Y. McISAAC
                                    Attorneys for Defendant
                                    HARTFORD LIFE INSURANCE COMPANY

                                    ORDER

23     Subject to the modifications indicated above, this stipulated protective order is approved.
24 SO ORDERED.

25 DATED:  April 3, 2008.

                                    _____
                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE