1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                         EASTERN DISTRICT OF CALIFORNIA
10                                  ----oo0oo----
11  LAURIE HOOD,
                                         NO. CIV. S-07-01634 FCD/EFB
12          Plaintiff,

13       v.                              MEMORANDUM AND ORDER

14  HARTFORD LIFE AND ACCIDENT
    INSURANCE COMPANY,
15
            Defendant.
16
17                                  ----oo0oo----
18       This matter is before the court on (1) plaintiff's motion
19  for reconsideration of the court's December 2, 2008 memorandum
20  and order (the "Order"), granting defendant's summary judgment
21  motion with respect to plaintiff's breach of contract cause of
22  action and punitive damages claim; and (2) defendant's motion for
23  reconsideration of the court's Order, denying defendant's summary
24  judgment motion with respect to plaintiff's breach of the implied
25  covenant of good faith and fair dealing cause of action.  For the
26  reasons set forth below, plaintiff's and defendant's respective
27
28

motions for reconsideration are DENIED.[1]

**BACKGROUND**

This action arose out of defendant's decision to cancel plaintiff's long-term disability ("LTD") benefits.  Since 1991, plaintiff had continuously received monthly disability benefits from defendant due to a serious medical condition known as Crohn's disease.[2]  However, when plaintiff's file came up for periodic review in April 2006, defendant determined that plaintiff likely had the capacity to perform light duty or sedentary work on a full time basis.  On June 28, 2007, defendant terminated plaintiff's LTD benefits.  Subsequently, plaintiff filed suit for breach of contract and breach of the implied covenant of good faith and fair dealing, for which she sought full past, present, and future benefits, general damages for emotional distress, and punitive damages.  In the course of discovery in this action, defendant determined that plaintiff's ability to participate in full time work was in doubt.  On June 4, 2008, defendant reopened plaintiff's claim and reinstated plaintiff's benefits.  Defendant subsequently paid plaintiff for all past due disability payments, as well as interest thereon.[3]

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

[2] Crohn's disease is an inflammatory bowel condition that can involve both the small and large intestines. (Def.'s Ex. A at 13:25-14:5, filed Oct. 3, 2008.)

[3] The facts of this case are set forth in greater detail in the court's Order.  (See Mem. & Order [Docket #47], filed Dec. 2, 2008.)

2

1    On September 11, 2008, plaintiff filed a motion seeking
2 partial summary judgment of her causes of action for breach of
3 contract and breach of the implied covenant of good faith and
4 fair dealing.  (Pl.'s P. & A. for Patrial Summ. J. ("Pl.'s P. &
5 A."), filed Sept. 11, 2008).  Defendant then filed an opposition
6 and cross-motion for summary judgment, or, in the alternative,
7 partial summary judgment regarding plaintiff's claims.  (Def.'s
8 Opp'n & Cross-Mot. for Summ. J. ("Def.'s P. & A."), filed Oct. 3,
9 2008).  On December 2, 2008, the court granted defendant's
10 summary judgment motion as to plaintiff's breach of contract
11 cause of action, finding that since plaintiff had been fully
12 compensated for all past due benefits owed under the insurance
13 policy, she had no cognizable contract damages.  Plaintiff's
14 motion on that claim was therefore denied.  The court further
15 granted defendant's summary judgment motion as to plaintiff's
16 punitive damages claim based on plaintiff's failure to oppose the
17 motion on that specific issue.  However, as to plaintiff's cause
18 of action for breach of the implied covenant of good faith and
19 fair dealing, the court denied the parties' cross-motions for
20 summary judgment, finding that both parties proffered sufficient
21 evidence such that a reasonable jury could find for either
22 plaintiff or defendant on this cause of action.  Both parties now
23 move for reconsideration of these findings.

**STANDARD**

25    Federal Rules of Civil Procedure 59(e) and 60(b) are
26 "extraordinary remed[ies] to be used sparingly in the interests
27 of finality and conservation of judicial resources."  Kona
28 Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th

3

1  Cir. 2000).  Thus, the Ninth Circuit has made clear that absent
2  "highly unusual circumstances," reconsideration of an order is
3  appropriate only where (1) the court is presented with newly-
4  discovered evidence, (2) the court committed "clear error or the
5  initial decision was manifestly unjust," or (3) there is an
6  intervening change in the controlling law.  School Dist. No. 1J,
7  Multnomah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th
8  Cir. 1993).  When a motion for reconsideration is based on a
9  claim of clear error, as in this case, the moving party must do
10 more than repeat arguments made in the underlying motion.
11 "Reiteration of arguments originally made in support of, or in
12 opposition to, a motion . . . do not provide a valid basis for
13 reconsideration."  Reliance Ins. v. Doctors Co., 299 F. Supp. 2d
14 1131, 1154 (D. Hawaii 2003); Backlund v. Barnhart, 778 F.2d 1386,
15 1388 (9th Cir. 1985).

16     Likewise, a court does not err in declining to reconsider
17 claims or arguments not originally pleaded; in the absence of new
18 evidence or a change in the law, a party may not use a motion for
19 reconsideration to present new arguments or claims not raised in
20 the original papers.  See 389 Orange Street Partners v. Arnold,
21 179 F.3d 656, 665 (9th Cir. 1999).  Ultimately, a party seeking
22 reconsideration must show "more than a disagreement with the
23 Court's decision, and recapitulation of the cases and arguments
24 considered by the court before rendering its original decision
25 fails to carry the moving party's burden."  United States v.
26 Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal.
27 2001).
28 /////

4

**ANALYSIS**

**1.  Plaintiff's Motion for Reconsideration**

    **A.  Breach of Contract**

Plaintiff asserts that the court committed clear error in its decision to grant summary judgment to defendant on her breach of contract cause of action. Plaintiff contends that the court erred in not viewing plaintiff's cause of action as of the date the complaint was filed. Defendant, however, claims that since it fully compensated plaintiff for all past-due disability benefits (including interest), plaintiff does not have any cognizable damages upon which a breach of contract cause of action can be sustained.

In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008). California Insurance Code section 10111 provides that "[i]n life or disability insurance, the only measure of liability and damage is the sum or sums payable in the manner and at the times as provided in the policy to the person entitled thereto." Further, California Civil Code section 3302 limits damages from breach of contract to "the amount due by the terms of the obligation, with interest thereon."

In moving for reconsideration, plaintiff simply restates and reargues her position as previously articulated in her motion for summary judgment. Nothing new is stated. Instead, plaintiff

5

1  merely contests the propriety of the court's ruling and
2  application of the relevant law.  In that regard, plaintiff
3  argues the court committed clear error by 1) not considering
4  plaintiff's breach of contract claim from the date plaintiff
5  filed suit, and 2) not addressing authorities cited by plaintiff.
6  The court previously considered this precise argument and the
7  authorities raised by plaintiff herein, and thus plaintiff's
8  motion is properly denied on that basis alone.  Reliance, 299 F.
9  Supp. 2d at 1154 (recognizing that in moving for reconsideration,
10 a party must do more than simply repeat arguments made in the
11 underlying motion).  Notwithstanding that, the court briefly
12 emphasizes the following, all of which is embodied in its prior
13 Order.
14      On June 4, 2008, defendant sent a letter to plaintiff
15 informing plaintiff that her claim had been reopened and her
16 benefits reinstated.  Thereafter, defendant issued two checks to
17 plaintiff: one in the amount of $8,882.04 for all past due
18 disability benefits, and another in the amount of $414.69, which
19 represented interest on the past due benefits.  Through
20 plaintiff's breach of contract cause of action, plaintiff sought
21 compensation for all past, present, and future disability
22 benefits.  Since defendant reinstated plaintiff's policy and
23 compensated plaintiff the full amount owed under the policy,
24 plaintiff cannot establish any contract damages as a result of
25 defendant's alleged breach.  Damages are an essential element of
26 a breach of contract cause of action, and without them
27 plaintiff's cause of action cannot survive, regardless of the
28 specific point in time the court elects to evaluate plaintiff's

6

breach of contract claim.  See Cal. Ins. Code § 10111; Cal. Civ. Code § 3302.

Moreover, plaintiff's continued reliance upon Rabinowitz v. Paul Revere Life Ins. Co., 91 Fed. Appx. 563 (9th Cir. 2004) and Love v. Fire Ins. Exch., 221 Cal. App. 3d 1136 (1990) for the principle that a delay in the distribution of benefits is sufficient to establish a breach of contract cause of action is unfounded.  In Rabinowitz, the court did not solely rely on the untimely payment of benefits as a basis for finding that the insured's breach of contract claim was sufficient to survive summary judgment.  Rather, the court found it significant that the insured also allegedly suffered other, cognizable economic damages.  Rabinowitz, 91 Fed. Appx. at 566.  Here, on the other hand, plaintiff does not allege that she suffered economic damages aside from the denial of her LTD benefits, which she has now received in full.  Further, in Love the court did not conclude, as plaintiff suggests, that an insurer's withholding of benefits can serve as a basis for a breach of contract cause of action.  Rather, the language from Love, that plaintiff relies upon, was used by the court in distinguishing a limited "special duty" owed by insurers from a more burdensome fiduciary duty.  Indeed, the Love court held that while insurers may have a "special duty" to not "delay payment of clearly owed [benefits] with impunity," id., any breach of this alleged duty is more appropriately reserved for a *bad faith* cause of action than a

breach of contract cause of action.[4]  Since plaintiff has failed to establish any contractual damages arising from defendant's denial of plaintiff's benefits, and since precedent does not hold that a breach of contract cause of action can be premised solely upon an insurer's withholding and subsequent payment in full of insurance benefits, plaintiff has failed to establish that the court committed any error in granting defendant's summary judgment motion with respect to plaintiff's breach of contract cause of action.

Accordingly, plaintiff's motion for reconsideration of the court's Order granting summary judgment in favor of defendant on plaintiff's breach of contract cause of action is DENIED.[5]

---

[4] Plaintiff incorrectly asserts that the court's Order created an inherent inconsistency by sustaining plaintiff's cause of action for breach of the covenant of good faith and fair dealing but dismissing her cause of action for breach of contract. Contrary to plaintiff's argument, a breach of the covenant of good faith and fair dealing claim may be established without a breach of contract, and vice versa. See Brehm v. 21st Century Ins. Co., 166 Cal. App. 4th 1225, 1236 (2008) (holding that, even if the insurer pays the full limits of its policy, it may be liable for bad faith if improper claims handling causes detriment to the insured); Chateau Chamberay Homeowners Assoc. v. Associated Int'l Ins. Co., 90 Cal. App. 4th 335, 347 (2001) (stating that it is well settled under California law that an insurer acting reasonably may not be liable for bad faith even though it may be liable for breach of contract).

[5] Plaintiff asserts for the first time in her reply brief that her cost of filing suit in this action is sufficient to satisfy the damages element of her breach of contract cause of action. This argument is insufficient on two grounds: 1) the court need not consider arguments raised for the first time in reply, United States v. Rearden, 349 F.3d 608, 614 n.2 (9th Cir. 2003); and 2) absent new evidence or a change in the law, a party may not use a motion for reconsideration to present new arguments not raised in the original pleadings, 389 Orange Street Partners, 179 F.3d at 665. Moreover, even if the court considered the merits of plaintiff's argument, the law does not support plaintiff's assertion that filing fees can constitute damages under a breach of contract cause of action. The case that plaintiff cites for this proposition, Schlauch v. Hartford

8

**B.   Punitive Damages**

Plaintiff also claims that the court committed clear error in its decision to dismiss plaintiff's punitive damages claim. Defendant contends that plaintiff did not address her claim for punitive damages in either her motion for partial summary judgment or the reply, or in her opposition to defendant's motion, such that plaintiff did not present "clear and convincing" evidence that defendant was guilty of "oppression, fraud, or malice."

California Civil Code section 3294(a) provides:

> In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

In plaintiff's motion for partial summary judgment, plaintiff discusses punitive damages on only one occasion. In the introductory paragraph to her argument, plaintiff claims that it is undisputed that defendant breached the contract and did so in bad faith, and that the only remaining issue in the case is whether the jury believes imposition of punitive damages is appropriate. Although plaintiff contends in her motion that defendant's breach of the implied covenant of good faith and fair dealing was willful and malicious, this argument was addressed

---

Accident & Indemnity Co., 146 Cal. App. 3d 926 (1983), is inapposite, as it does not state or imply that filing fees can satisfy the damages element of a breach of contract cause of action. Rather, Schlauch held that a tender of policy limits does not necessarily cure a breach of the *implied covenant of good faith and fair dealing*; nowhere in the opinion does the court address the concept of damages under a breach of contract cause of action. Id. at 935-36.

9

with respect to plaintiff's bad faith claim, rather than establishing her entitlement to punitive damages. Thus, plaintiff did not seek disposition of her punitive damages claim through her motion for summary judgment.

On the other hand, defendant expressly sought disposition of plaintiff's punitive damages claim through its motion for summary judgment. Plaintiff, however, did not address defendant's argument in her opposition to defendant's motion. The court interpreted plaintiff's silence as a non-opposition to defendant's motion on that issue. (See Mem. & Order, 28:5-12.) Since plaintiff failed to respond to defendant's motion for summary judgment of her punitive damages claim, plaintiff has failed to establish that the court committed clear error in granting defendant's summary judgment motion regarding those damages. See 389 Orange Street Partners, 179 F.3d at 665 (holding that the court will not address issues raised for the first time in a motion for reconsideration, and that the court will not redesignate claims where a party does not present clear arguments prior to a summary judgment ruling).

Accordingly, plaintiff's motion for reconsideration of the court's Order granting summary judgment in favor of defendant on plaintiff's punitive damages claim is DENIED.[6]

---

[6] Plaintiff asserts for the first time in her reply brief that the punitive damages issue must be left to the jury. This argument is insufficient on two grounds: 1) the court need not consider arguments raised for the first time in reply, United States v. Rearden, 349 F.3d 608, 614 n.2 (9th Cir. 2003); and 2) absent new evidence or a change in the law, a party may not use a motion for reconsideration to present new arguments not raised in the original pleadings, 389 Orange Street Partners, 179 F.3d at 665. Moreover, even if the court considered the merits of plaintiff's argument, the law does not support plaintiff's

10

2. **Defendant's Motion for Reconsideration**

In its motion for reconsideration, defendant contends that plaintiff's bad faith claim is barred as a matter of law by the "genuine dispute doctrine," which provides that "where there is a genuine issue as to the insurer's liability under the policy for the claim asserted by the insured, there can be no bad faith liability imposed on the insurer for advancing its side of the dispute." Chateau Chamberay, 90 Cal. App. 4th at 347. This court did not consider whether the genuine dispute doctrine barred plaintiff's claim because defendant did not raise the argument in its summary judgment motion. (See Mem. & Order, 18:24-28, n.8.) Plaintiff contends that even if the court considers the genuine dispute doctrine now, it would not preclude

---

position. Plaintiff is incorrect in asserting that where there is a triable issue of fact precluding summary judgment of a plaintiff's insurance bad faith claim, the issue of whether the plaintiff is entitled to punitive damages *must* go to the jury. The elements required for a bad faith cause of action and a punitive damages claim are entirely distinct, and while facts establishing an insurer's bad faith conduct may be sufficient in and of themselves to support an award of punitive damages, this is not always the case. See Silberg v. California Life Ins. Co., 11 Cal.3d 452, 462-63 (1974) ("While we have concluded that defendant violated its duty of good faith and fair dealing, this alone does not necessarily establish that plaintiff acted with the requisite intent to injure plaintiff.") Additionally, a higher evidentiary standard applies to punitive damages claims than bad faith claims. "If the plaintiff is going to prevail on a punitive damages claim, he or she can only do so by establishing malice, oppression or fraud by clear and convincing evidence. Thus, any evidence submitted in response to a summary adjudication must necessarily meet that standard." Basich v. Allstate Ins. Co., 87 Cal. App. 4th 1112, 1121 (2001). Plaintiff's conclusory assertions that defendant engaged in "willful and malicious conduct" are not sufficient to meet the "clear and convincing" evidentiary standard. While triable issues of material fact exist as to whether defendant is liable on plaintiff's bad faith cause of action, the court reiterates that plaintiff has not proffered "clear and convincing evidence" that defendant is guilty of "oppression, fraud, or malice." Cal. Civ. Code § 3294(a).

11

a finding of bad faith based upon the facts of this case.

Defendant concedes it did not raise the genuine dispute doctrine in its motion for summary judgment. In the absence of new evidence or a change in the law, a party may not use a motion for reconsideration to present new arguments or claims not raised in the original papers. See 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Defendant implies that the court's findings in its Order provide defendant with grounds to raise the genuine dispute doctrine via a motion for reconsideration; although defendant cites no authority for this proposition. Defendant could have raised the doctrine at the time of the summary judgment proceedings, at a minimum as an alternative basis for granting the motion, but it chose not to do so and provides no reason herein justifying that decision. Thus, defendant's motion is properly denied on this basis alone. Id.

Notwithstanding that, the court concludes that the genuine dispute doctrine does not apply to the facts of this case. Under California law, all insurance contracts contain an implied covenant of good faith and fair dealing. Egan v. Mutual of Omaha Ins. Co., 24 Cal.3d 809, 818 (1979). A cause of action for breach of the implied covenant is characterized as "insurance bad faith" for which an insured may recover tort damages. Archdale v. American Int'l Specialty Lines Ins. Co., 154 Cal. App. 4th 449, 467 n.19 (2007).

The implied covenant of good faith and fair dealing is breached when an insurer delays or denies payment of policy benefits unreasonably or without proper cause. Jordan v. Allstate Ins. Co., 148 Cal. App. 4th 1062, 1072 (2007). The "key

to a bad faith claim is whether or not the insurer's denial of coverage was reasonable . . . [T]he reasonableness of an insurer's claim-handling conduct is ordinarily a question of fact." Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1009-10 (9th Cir. 2004) (citing Amadeo v. Principal Mut. Life Ins. Co., 290 F.3d 1152, 1161 (9th Cir. 2002)). "An insurer's good or bad faith must be evaluated in light of the totality of the circumstances surrounding its actions." Wilson v. 21st Century Ins. Co., 42 Cal.4th 713, 723 (2007).

The genuine dispute doctrine provides that "where there is a genuine issue as to the insurer's liability under the policy for the claim asserted by the insured, there can be no bad faith liability imposed on the insurer for advancing its side of the dispute." Chateau Chamberay, 90 Cal. App. 4th at 347. Accordingly, "[A]n insurer denying or delaying the payment of policy benefits due to the existence of a genuine dispute with its insured as to the existence of coverage liability . . . is not liable in bad faith even though it might be liable for breach of contract." Id. (citing Fraley v. Allstate Ins. Co., 81 Cal. App. 4th 1282, 1292 (2000) (holding that where insurer and insured relied upon the opinions of their respective experts, even a substantial disparity in the parties' estimates of the scope and cost of repair did not, in and of itself, suggest that the insurer acted in bad faith)). "While many, if not most, of the cases finding a genuine dispute over an insurer's coverage liability have involved *legal* rather than *factual* disputes," the genuine dispute doctrine is not "limited to legal issues." Chateau Chamberay, 90 Cal. App. 4th at 348 (emphasis in original)

13

1  (citations omitted).  "That does not mean, however, that the
2  genuine dispute doctrine may properly be applied in every case
3  involving purely a factual dispute between an insurer and its
4  insured.  This is an issue which should be decided on a case-by-
5  case basis."  Id. (citing Guebara v. Allstate Ins. Co., 237 F.3d
6  987, 994 (9th Cir. 2001)).

It is important to note that "[a] *genuine* dispute exists only where the insured's position is maintained in good faith and on reasonable grounds."  Chateau Chamberay, 90 Cal. App. 4th at 348-49 (emphasis in original).  Accordingly, the genuine dispute doctrine does not "alter the standards for deciding and reviewing motions for summary judgment."  Wilson, 42 Cal.4th at 724.  As the California Supreme Court explained in Wilson:

> 'The genuine issue rule in the context of bad faith claims allows a [trial] court to grant summary judgment when it is undisputed or indisputable that the basis for the insurer's denial of benefits was reasonable – for example, where even under the plaintiff's version of the facts there is a genuine issue as to the insurer's liability under California law. [Citation]. . . . On the other hand, an insurer is not entitled to judgment as a matter of law where, viewing the facts in the light most favorable to the plaintiff, a jury could conclude that the insurer acted unreasonably.'

Id. (quoting Amadeo, 290 F.3d at 1161-62).

Here, the court has found, based upon examination of the submitted evidence, that both parties to the dispute have advanced reasonable positions with respect to plaintiff's bad faith claim; positions under which a reasonable jury could find in either party's favor.  Contrary to defendant's protestations, however, the court has not found as a matter of law that defendant *acted reasonably*.  As to this claim, the court concluded that triable issues of material fact exist as to

14

whether defendant acted reasonably with respect to its investigation of plaintiff's benefits claim and its analysis of the real world employability of plaintiff.  Viewing the facts in the light most favorable to plaintiff, the court held in its Order that a jury *could* find that defendant acted unreasonably in denying plaintiff's benefits claim.  Thus, the genuine dispute doctrine does not bar plaintiff's bad faith claim.  See Wilson, 42 Cal.4th at 724 (holding that an insurer is not entitled to judgment as a matter of law where, "viewing the facts in the light most favorable to the plaintiff, a jury could conclude that the insurer acted unreasonably") (internal quotations omitted).  Since defendant has failed to establish that the genuine dispute doctrine applies to the facts of this case, defendant has failed to establish that the court committed clear error in denying defendant's summary judgment motion with respect to plaintiff's bad faith claim.

Accordingly, defendant's motion for reconsideration of the court's Order denying summary judgment on plaintiff's bad faith claim is DENIED.

**CONCLUSION**

For the foregoing reasons, plaintiff's and defendant's respective motions for reconsideration of the court's December 2, 2008 Order are HEREBY DENIED.

IT IS SO ORDERED

DATED: February 23, 2009.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE